UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY F. PTAK,

        Plaintiff,

Case No. 19-cv-12609
Honorable Gershwin A. Drain

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION [#15], OVERRULING DEFENDANT'S OBJECTIONS [#16], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#11], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#13] AND REMANDING FOR FURTHER PROCEEDINGS**

**I.   INTRODUCTION**

This matter is before the Court on the parties' Cross-Motions for Summary Judgment as to Plaintiff Tony Ptak's request for judicial review of Defendant Commissioner of Social Security's denial of his application for supplemental security income ("SSI") under the Social Security Act. The matter was referred to Magistrate Judge David R. Grand, who issued a Report and Recommendation on May 14, 2020, recommending that Mr. Ptak's Motion for Summary Judgment be granted, the Commissioner's Motion for Summary Judgment be denied, and the

1

action be remanded for further proceedings pursuant to sentence four of 42 U.S.G. § 405(g).

Defendant filed timely objections to the Magistrate Judge's Report and Recommendation. In his objections, the Commissioner does not challenge the ultimate relief recommended by Magistrate Judge Grand—a sentence four remand—rather, the Commissioner objects to the Report's characterization of certain aspects of the record. The Commissioner also complains that the Magistrate Judge misstated the applicable standard for evaluation of medical opinion evidence. Because the Court finds no merit to the Commissioner's objections, the Court will overrule the Commissioner's objections, accept and adopt the Report and Recommendation, and remand this action for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## II.  STANDARD OF REVIEW

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. 42 U.S.C. § 405(g).

Findings of fact by the Commissioner are conclusive if supported by substantial evidence. *Id.* The Court must affirm the decision if it is "based on [an appropriate] legal standard and is supported by substantial evidence in the record as a whole." *Studaway v. Sec' of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (citing *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

### III. DISCUSSION

#### A. OBJECTION #1

The Commissioner's first objection is that the Magistrate Judge erred in characterizing certain medical providers' records as employing a "copy-and-paste" approach to inputting patient data. Here, as correctly recognized by the Magistrate Judge, the Administrative Law Judge (ALJ) failed to provide good reasons for not giving controlling weight to Dr. Junaid Ghadai's opinions on Plaintiff's mental limitations, including the ALJ's finding that Dr. Ghadai's opinion was contradicted by other providers' opinions.

Contrary to the Commissioner's objection, the Magistrate Judge did not err in concluding that wholesale reliance on the observations of these other providers

3

to find Dr. Ghadai's opinion was contradicted by other substantial evidence in the record was problematic because these providers were not treating Plaintiff's mental health issues and were merely reporting Plaintiff's self-assessment of his mental health at the time of his appointment.  *See* ECF No. 9, PageID.318, 388 (recording that Plaintiff reported no "depressive symptoms" on January 19, 2016 during an appointment for treatment of back and neck pain and recording Plaintiff's denial of mental health issues at a March 2017 appointment for his neck and back pain).

It was not error for the Magistrate Judge to conclude that the ALJ improperly relied on Plaintiff's subjective complaints as reported by his neck and back doctors to reject and ignore the objective medical evidence from Dr. Ghadai, which included treatment and notes evidencing demonstrable phenomena of Plaintiff's psychological abnormalities.  *See* ECF No. 9, PageID.358-374, 521-540. At most, the Court finds that the use of "copy and paste" to describe the entry of data in Plaintiff's medical forms may have been imprecise in regard to certain providers.  However, this Court's review of the records from treating source, Dr. Bhardwaj, suggests that "cut and paste" data entry may have been used over the course of Plaintiff's treatment.  *See* ECF 9, PageID.326, 331 and 336.

In any event, the Magistrate Judge's ultimate conclusion is sound; the ALJ's cherry-picking of the record and reliance on this evidence cannot establish good reasons for declining to give controlling weight to Dr. Ghadai's opinion, thus, the

4

Commissioner's decision is not supported by substantial evidence. Accordingly, for the reasons articulated above, the Court will overrule the Commissioner's first objection.

### B. OBJECTION #2

The Government also argues that the report and recommendation misstates the applicable standard for evaluating medical opinion evidence.

Here, the Magistrate Judge correctly stated the law as it pertains to the treating source rule, which requires the ALJ to give treating source opinions controlling weight where the opinion is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004) (quoting 20 C.F.R. §404.152(d)(2)).

Here, the record shows that the ALJ discounted Dr. Ghadai's opinion as "inconsistent with the other substantial record" evidence without "good reasons," including, but not limited to ignoring Dr. Ghadai's extensive treatment and notes containing "objective medical evidence" of Plaintiff's generalized anxiety disorder, PTSD, and chronic mood disorder. Thus, the Magistrate Judge correctly concluded that substantial evidence does not support the ALJ's decision to give minimal weight to Dr. Ghadai's opinion and to impose no mental limitations in the

RFC and remand is appropriate. The Commissioner's second objection will likewise be overruled.

## IV. CONCLUSION

Accordingly, Defendant's objections [#16] are OVERRULED. The Court hereby ACCEPTS and ADOPTS Magistrate Judge David R. Grand's May 14, 2020 Report and Recommendation [#15].

Defendant's Motion for Summary Judgment [#13] is DENIED.

Plaintiff Motion for Summary Judgment [#11] is GRANTED.

This matter is REMANDED for further findings in accordance with the Magistrate Judge's May 14, 2020 Report and Recommendation and this decision pursuant to 42 U.S.C. § 405(g).

SO ORDERED.

Dated: July 27, 2020

/s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 27, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager